UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEANNE BELLINO,

                           Plaintiff,

           -against-                                            24-cv-0712 (LAK)

STEVEN VICTOR TALLARICO a/k/a Steven Tyler,

                           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

           Plaintiff Jeanne Bellino here claims that she was sexually assaulted by the defendant in 1975 when she was 17 years of age.  She seeks damages here exclusively under New York City's Victims of Gender-Motivated Violence Protection Act (the "VGMVPA"),[1] which was enacted and first became effective in the year 2000.  The matter is before the Court on the defendant's Rule 12(b)(6) motion to dismiss the complaint, a motion to which plaintiff has filed no response.  The motion is disposed of readily.

           The VGMVPA created a cause of action for damages for "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender."[2]  It imposed a time limit within which to bring such an action of seven years "after the alleged crime of violence motivated by gender occurred" unless the

---

[1]      N.Y.C. AD. CODE §§ 10-1102 *et seq.*

[2]      *Id.* § 10-1104.

2

plaintiff then was unable to sue within the seven year period, in which case the time limit is "nine years after the inability to commence the action ceases."[3]  This action, however, would be untimely under either of these periods.  Rather, plaintiff relies upon an additional provision of the statute that provides:

> "Notwithstanding any provision of law that imposes a period of limitation to the contrary, any civil claim or cause of action *brought under this chapter* that is barred because the applicable period of limitation has expired is hereby revived and may be commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022."[4]

There are at least two problems with her argument.

First, the elements of a violation of the VGMVPA – the "chapter" referred to in the quoted paragraph of the statute – are "(1) the alleged act constitute[d] a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and [5] resulted in injury.[5]  The complaint in this case does not allege conduct presenting a serious risk of physical injury and therefore fails to state a legally sufficient claim under the VGMVPA.

Second, and independent of the prior point, the limitations provision of the VGMVPA is preempted by the state's adoption of the Child Victims Act and the Adult Survivors

---

[3]

    *Id.* § 10-1105.

[4]

    *Id.* (emphasis supplied).

[5]

    *Hughes v. Twenty-First Century Fox, Inc.,* 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018); *see* N.Y.C. AD. CODE § 10-1103.

3

Act, substantially for the reasons set forth by the defendant.[6]

Accordingly, defendant's motion to dismiss the complaint (Dkt 6) is granted.  Any motion for leave to amend the complaint, which shall include a copy of the proposed amended complaint, shall be filed no later than March 13, 2024.

SO ORDERED.

Dated:        February 21, 2024

_____

Lewis A. Kaplan
United States District Judge

---

[6] Dkt 6 at 13–16.